**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JUAN CLABIJO TACURI** | No. 2:25-mj-00042-KFW |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Scott M. Hanton, Border Patrol Agent of the United States Border Patrol, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Border Patrol Agent-Intelligence with the United States Border Patrol ("USBP"), currently assigned to the Houlton Sector Intelligence Unit in Hodgdon, Maine. I have been an agent with the USBP since November 29, 2010. I completed the USBP Academy in February of 2011, where I received instruction in constitutional law, immigration law, criminal law, and federal and civil statutes. I have also received training in the detection, interdiction, and arrest of narcotics smugglers, alien smugglers, and aliens illegally present in the United States. In the course of my employment with USBP, I have been assigned to the Highway 90 and Highway 80 immigration checkpoints in Arizona, where I was the primary agent for multiple narcotic and human smuggling cases.

2. From March 2020 to August 2022, I was assigned as a Case Agent for the Tucson Sector Prosecution Unit. I have conducted numerous criminal investigations involving illicit activity and have gathered and structured evidence and facts pertaining to administrative and criminal immigration cases. In the course of my duties, I have taken sworn statements from material witnesses and

suspects. I routinely perform record checks through various law enforcement databases to establish accuracy of information as well as to gather facts further relevant to a respective case. I have acted as a liaison between the United States Attorney's Office and field agents, and I have assisted fellow agents in the development of their cases. I am currently assigned collateral duty as a Houlton Sector Prosecutions Case Manager.

3. I make this affidavit in support of a Criminal Complaint charging CLABIJO TACURI, JUAN, with one count of Illegal Re-Entry of Alien After Deportation, in violation of Title 8, United States Code, Sections 1326(a). The information contained in this affidavit is based on my review of reports prepared by other law enforcement officers and conversations with involved personnel, as well as my training and experience as a prosecution case agent.

## STATEMENT OF PROBABLE CAUSE

4. On January 27, 2025, at approximately 8:02 AM, Resident Border Patrol Agent (BPA) Derek Wilcox, who is assigned to the Calais Border Patrol Station was contacted by an officer with the Brunswick Police Department (BPD). The officer stated he had observed a driver operating a motor vehicle without wearing a seatbelt. The officer conducted a vehicle stop on a white Chevrolet Express van bearing Massachusetts commercial registration X60947. The officer advised BPA Wilcox that the driver did not speak English and that he could not verify the subject's identity because of the language barrier. BPA Wilcox arrived at the scene of the traffic stop, located at 111 Pleasant Street in Brunswick, Maine at approximately 8:06 AM.

5. The officer provided BPA Wilcox with the Massachusetts driver's license that had been provided to him by the driver, bearing the name CLAVIJO-TACURI, Cristofer. BPA Wilcox approached the van to speak with the driver while wearing a full United States Border Patrol uniform with badge and gun displayed. BPA Wilcox asked the driver, later identified as CLABIJO-TACURI, Juan, to roll down the window in the Spanish language. CLABIJO-TACURI initially rolled the window down about one inch. BPA Wilcox ordered CLABIJO-TACURI to roll the window down and he then rolled the window down about six inches. BPA Wilcox asked CLABIJO-TACURI if he wanted to speak in English or Spanish and he stated Spanish. For the remainder of the interaction, BPA Wilcox spoke in the Spanish language.

6. BPA Wilcox questioned CLABIJO-TACURI as to his citizenship and immigration status in the United States. CLABIJO-TACURI stated that he was a citizen of Ecuador but refused to answer if he had any documents that would allow him to enter or remain in the United States. BPA Wilcox then ordered CLABIJO-TACURI to exit the vehicle, but CLABIJO-TACURI did not comply. BPA Wilcox repeated the order to exit the vehicle multiple times, and again, CLABIJO-TACURI did not comply. BPA Wilcox then attempted to open the driver's side door, but it was locked. BPA Wilcox reached inside the vehicle through the partially opened driver's window and unlocked the door. Only then did CLABIJO-TACURI comply with the order to exit the vehicle.

7. BPA Wilcox conducted record checks using the information listed on the driver's license that CLABIJO-TACURI had presented to the officer, which yielded no results. Based on CLABIJO-TACURI's admission that he was a citizen

of Ecuador, his lack of immigration documents, and no record returns indicating that CLABIJO-TACURI had any lawful status in the United States, BPA Wilcox detained CLABIJO-TACURI for immigration purposes and transported him to the Area Port of Portland for further processing at approximately 8:30 AM.

8. At approximately 9:05 AM, BPA Wilcox conducted biometric searches in IDENT/IAFIS, which revealed CLABIJO-TACURI's correct identity, confirmed by his Fingerprint Identification Number (FIN). The Massachusetts driver's license that CLABIJO-TACURI had provided to BPD contained an incorrect name and date of birth.

9. At the Area Port of Portland, CLABIJO-TACURI was advised of his rights in the Spanish language at approximately 12:12 PM. CLABIJO-TACURI verbally acknowledged and stated that he understood his rights. CLABIJO-TACURI refused to make a sworn statement without his lawyer present.

10. A records check on CLABIJO-TACURI showed that he had previously been removed from the United States. On or about May 11, 2005, he had been arrested near Casa Grande, Arizona. He was ordered removed and ultimately removed from the United States on July 18, 2005, from Phoenix, Arizona to Ecuador. On or about June 13, 2011, he was processed for Reinstatement of Prior Removal, and thereby removed on July 15, 2011, from New Orleans, Louisiana to Ecuador. On or about March 13, 2012, he was processed for Reinstatement of Prior Removal, and thereby removed on April 20, 2012, from New Orleans, Louisiana to Ecuador. On or about April 15, 2013, he was processed for Reinstatement of Prior Removal, and thereby removed on October 25, 2013, from New Orleans, Louisiana to Ecuador.

## CONCLUSION

I respectfully submit, based on the facts set forth above, that probable cause exists to charge CLABIJO TACURI, JUAN, by Criminal Complaint with the offense of Illegal Re-Entry After Deportation, in violation of Title 8, United States Code, Sections 1326(a), and I respectfully request that the accompanying Criminal Complaint be issued.

Scott Hanton
Border Patrol Agent
U.S. Border Patrol

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Jan 30 2025

City and state: Portland, Maine

Karen Frink Wolf, U.S. Magistrate Judge
*Printed name and title*